R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*David Hoffman*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTES

| | |
|---|---|
| DAVID HOFFMAN,<br><br>Plaintiff,<br><br>v.<br><br>BLACKFACTS.COM LLC,<br><br>Defendant. | Case No.: |

## COMPLAINT AND JURY DEMAND

The plaintiff David Hoffman ("Plaintiff"), by its undersigned attorneys, Rath, Young and Pignatelli, P.C., for his complaint against the defendant Blackfacts.com LLC ("Defendant"), alleges as follows:

### SUBSTANCE OF THE ACTION

1.     This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1) and 501.

2.     Plaintiff seeks compensatory or statutory damages in an amount to be established at trial.

## PARTIES

3.      Plaintiff is an individual doing business as David Hoffman Photo Library with an address at 21 Norman Grove, E3 5EG, London, England.

4.      Upon information and belief, Defendant is a domestic limited liability company with an address at 60 State Street, Suite 700, Boston, Massachusetts, 02109.

## JURISDICTION AND VENUE

5.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

6.      Personal jurisdiction over Defendant is proper.  Defendant is conducting business in and committing torts in this state, including, without limitation, Defendant's copyright infringement, which causes harm in this state and judicial district.

7.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.      Plaintiff's Business**

8.      Plaintiff is a professional photographer who licenses his photographic works for various professional applications, including editorial, advertising, corporate and non-profit use.

9.      Plaintiff is the creator of the photographic image at issue in this litigation, a copy of which is attached hereto as Exhibit A (the "Copyrighted Work").

10.      The Copyrighted Work is an original work of authorship.

11.      Plaintiff owns the copyrights in and to the Copyrighted Work.

2

12.     Plaintiff has obtained registration with the United States Copyrighted Office for the Copyrighted Work.  Attached hereto as Exhibit B is a copy of the certificate for registration obtained from the United States Copyright Office.

**B.     Defendant's Unlawful Activities**

13.     Upon information and belief, Defendant owns and operates a website located at the URL http://www.blackfacts.com, where it uses photographic images belonging to others, such as the Copyrighted Work, to draw internet users to visit and remain at Defendant's websites, thus profiting from Plaintiff's labor as viewership and advertising revenue grow, and the monetary value of the website grows.

14.     Plaintiff has discovered that Defendant is infringing Plaintiff's exclusive copyrights in the Copyrighted Work by reproducing, distributing, creating derivative works from, and publicly displaying the Copyrighted Work.

15.     Copies of screenshots showing the infringing use of the Copyrighted Work are attached hereto as Exhibit C.

16.     Upon information and belief, Defendant is directly responsible for the unlawful reproduction, distribution, public display, and derivation of the Copyrighted Work.

17.     Defendant's reproduction, distribution, public display and derivation of the Copyrighted Work are without Plaintiff's authorization.

18.     Defendant's unauthorized reproduction, distribution, public display and derivation of the Copyrighted Work are knowing and willful and in reckless disregard of Plaintiff's rights.

19.     Defendant is, upon information and belief, a media company with a knowledge of copyright law.

20.      Defendant knew it needed permission to use Plaintiff's photograph and made no effort to obtain such permission.

21.      Defendant's use of the Copyrighted Work was not accidental nor inadvertent but purposeful.

22.      Defendant's unauthorized reproduction, distribution, public display and derivation of Plaintiff's Copyrighted Work are knowing and willful and in reckless disregard of Plaintiff's rights.

**CLAIM FOR RELIEF**
**(Direct Copyright Infringement)**

23.      Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

24.      The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

25.      Upon information and belief, as a result of Plaintiff's public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to using it at the infringing website.

26.      By its actions, as alleged above, Defendant has infringed Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, creating derivative works of, and publicly displaying the Copyrighted Work.

27.      Upon information and belief, the infringement by Defendant is willful and deliberate and Defendant has profited at the expense of Plaintiff.

28.      As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from such uses without paying license fees, in an amount to be proven at

trial.

29.    In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of the profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

30.    In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, public display and derivation of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

31.    Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

32.    Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1.    A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2.    A declaration that such infringement is willful;

3.    An accounting of all revenue earned by Defendant resulting from its reproduction, distribution or display of the Registered Copyrighted Work, or any portion or derivation of the Registered Copyrighted Work;

4.    Awarding Plaintiff all gains, profits, property and advantages obtained or derived

by Defendant from its acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5.     Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

6.     Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7.     Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8.     Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Registered Copyrighted Work or to participate or assist in any such activity; and

9.     For such other and further relief as the Court may deem just and proper.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: August 31, 2020

Respectfully submitted,


By: /s/ R. Terry Parker
R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*David Hoffman*